**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| MICHAEL DOUGLAS LEONARD et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:14-cv-00233-RCJ-WGC |
| vs. | ) | |
| | ) | |
| TAMAZ NASR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

    This case arises out of a collision between a car and a bicycle. Defendant has not appeared. Plaintiffs asked the Court for a default judgment, and the Court denied the motion in December 2014, instructing Plaintiffs that under Rule 55 they must ask the Clerk to enter default before requesting a default judgment from the Court. There having been no further activity in the case for four months, the Court scheduled a status conference for May 18, 2015. Neither party appeared, and the Court dismissed the case for lack of prosecution. Plaintiffs have now filed a motion to set aside the dismissal. Counsel argues that he simply failed to mark the hearing on his calendar. That neglect is not excusable, and the Court will not reconsider. Counsel's argument that "Plaintiffs have been diligent in pursuing their actions as evidenced by the procedural history in this case" is belied by the record. Not only did counsel fail to appear for the status conference, but counsel failed to request entry of default from the Clerk for nearly five months after having been instructed that it was necessary if Plaintiffs wished to obtain a default judgment.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Set Aside Dismissal (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge